FILED
MAY 19 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frank E. Voth, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09 0924 |
| | ) |
| Eric Holder et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, who is detained under authority of the state of Oregon in an Oregon detention facility, has filed a *pro se* civil rights complaint for injunctive relief, an application to proceed *in forma pauperis,* and other motions. The Court will grant the application, construe the complaint as one for *mandamus,* and dismiss the complaint.

The gravamen of plaintiff's complaint is that he has made multiple requests to employees in the United States Department of Justice to initiate an investigation under the Americans with Disabilities Act of 1990 into the Board of Parole and Post-Prison Supervision, the Judge, and Prosecutor "regarding their denying plaintiff an attorney to represent him and appointing an investigation to assist plaintiff in preparing for trial," but that his requests have not produced results. Compl. ¶¶ 2, 3, 8. Plaintiff is of the view that the law requires action by the Justice Department and that the initiation of an investigation or an enforcement action is not a discretionary function. *Id.* ¶ 7. As relief, plaintiff seeks a declaratory judgment confirming that the Justice Department is required to initiate the requested investigations, that the defendants'

failure to act constitutes a violation of the plaintiff's rights, and an injunction compelling the plaintiffs to act. *Id.* at 5-6.

Because of the nature of the relief requested, the Court will construe this complaint as one in the nature of *mandamus*, brought under 28 U.S.C. § 1361, to compel an officer of the United States to perform non-discretionary duties owed to the plaintiff. The remedy of *mandamus* "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that *mandamus* is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). *Mandamus* is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, *mandamus* is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

The complaint does not, and on these facts cannot, establish either that plaintiff has a clear right to the relief requested or that the defendants have a clear duty to perform a ministerial, clearly defined, and peremptory act. It is beyond serious debate that the police power of the state

that is vested in the executive branch to determine when and whether to initiate an investigation into law violations, and when and whether to prosecute law violations is a discretionary function. "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law . . . ." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983). "The federal courts have customarily refused to order prosecution of a particular individuals at the insistence of private persons." *Nader v. Saxbe*, 497 F.2d 676, 679 n.18 (D.C. Cir. 1974) (collecting and discussing cases). Because the plaintiff seeks *mandamus* relief, but cannot show that he is entitled to it, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted against these defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order accompanies this memorandum opinion.

Date: 8 May 2009

/s/ Rosemary M. Collyer
United States District Judge

3